UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**DAMIEN THOMAS**

                                                    Plaintiff,        **SUPPLEMENTAL MEMORANDUM OF LAW**

    v.

**OFFICERS MILLSPAUGH, ROCHESTER POLICE**        Civ. No.:  14 CV 6249CJS
**DEPARTMENT, ROBERT SHOEMAKER, ASST. DIST.**
**ATTY. CITY OF ROCHESTER, Municipal**

        Defendants.
_____

        **I.**        <u>**THERE IS NO EVIDENCE IN THE RECORD SUPPORTING PLAINTIFFS' NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.**</u>

    "In New York, a claim of intentional infliction of emotional distress is extremely disfavored and only the most egregious conduct has been found sufficiently extreme and outrageous to establish such a claim." *Digennaro v. Town of Gates Police Dep't*, 2013 U.S. Dist LEXIS 85571(W.D.N.Y, 2013) citing *Medcalf v. Walsh*, No. 938 F. Supp. 2d 478 (S.D.N.Y 2013). Intentional infliction of emotional distress consists of four elements: (1) extreme and outrageous conduct; (2) the intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). Conduct that is sufficiently egregious to support such a claim is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society].'" *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236, (1983) (quoting Restatement of Torts, Second, § 46 cmt. d (1965)). Whether the act is sufficiently outrageous is for the court to determine in the first instance. *Howell v. New York Post*, 81 N.Y.2d 115, 121 (1993). **Claims for intentional infliction of emotional distress must be dismissed where the conduct underlying the claim**

**may be redressed by way of traditional tort remedies such as battery, false arrest, and malicious prosecution**. Emphasis added. *See Naccarato v. Scarselli*, 124 F. Supp. 2d 36, 44 (N.D.N.Y. 2000). Plaintiffs not only have separate counts for battery and excessive force, but cannot satisfy the elements of this cause of action as a matter of law.

Under New York law, negligent infliction of emotional distress requires the same standard of 'extreme and outrageous' conduct as does intentional infliction of emotional distress. *Dawkins v. Williams*, 413 F.Supp.2d 161, 178-179 (N.D.N.Y. 2006). However, negligence and intentional tort claims are mutually exclusive. *Mazzaferro v. Albany Motel Enter., Inc.*, 127 A.D.2d 374, 375 (3rd Dep't, 1987). Negligence claims cannot coexist with claims for intentional torts such as those asserted here, assault, battery, and intentional infliction of emotional distress. *See United National Insurance Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993).

Accordingly, the cause of action for negligent/intentional infliction of emotional distress should be dismissed with prejudice.

## II.  NEGLIGENCE CLAIMS AND INTENTIONAL TORT ACTIONS ARE MUTUALLY EXCLUSIVE.

Plaintiffs cannot both sue for assault, battery, excessive force, intentional infliction of emotional distress and negligence as these causes of action are mutually exclusive. *Mazzaferro v. Albany Motel Enterprises, Inc.,* 515 N.Y.S.2d 631, 632-33 (3rd Dep't, 1987). As stated above, "[N]egligence claims cannot coexist with claims for intentional torts such as those asserted here, assault, battery, and intentional infliction of emotional distress." *See United National Insurance Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993).

Accordingly, the negligence claim must be dismissed.

## III. DEFENDANTS HAVE IMMUNITY FROM NEGLIGENCE CLAIMS.

A municipality is immune from suit when conduct complained of involves the exercise of professional judgment, even if that judgment was poor in retrospect. *Kenavan v. City of New York*, 70 NY2d 558 (1987). Municipalities are not held liable for judgment errors in the exercise of its governmental functions. *Weiss v. Fote*, 7 NY2d 579, 548-587 (1960). No cause of action for ordinary negligence will lie against a municipality for errors in judgment. *Kroger v. City of Mount Vernon*, 104 AD2d 855, 856. "When official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for injurious consequences of that action." *Tango v. Tulevech*, 61 NY2d 34, 40. The professional judgment rule would insulate the municipal employer from liability for a decision "where the … conduct involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions that, in retrospect show poor judgment" (*Kenavan v City of New York*, 70 N.Y.2d 558, 569, [1987].

Accordingly, because decision regarding arrests, searches and seizures involve discretion and judgment, Defendants are immune and claims sounding in negligence must be dismissed.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that Defendants' motion for summary judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendants the costs and disbursements of this proceeding.

Dated: March 31, 2017　　　　　　　　　BRIAN F. CURRAN CORPORATION COUNSEL

　　　　　　　　　　　　　　　　　　　　/s/ Spencer L. Ash
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　BY: Spencer L. Ash, ESQ., of Counsel
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants City of Rochester

and City of Rochester Police Department
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-6699

To: Damien Thomas
83 Vernon Place, Upper Unit
Buffalo, New York 14214