UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAMIEN THOMAS, | Plaintiff, | DECISION AND ORDER |
| -vs- | | 14-CV-6429-CJS-MWP |
| OFFICER MILLSPAUGH, | Defendant.[1] | |

## PROCEDURAL HISTORY

Plaintiff Damien Thomas ("Thomas"), *pro se*, filed a civil rights complaint against Officer Jeremy Millspaugh ("Millspaugh"), Assistant District Attorney Robert Shoemaker, the City of Rochester, and the County of Monroe, alleging constitutional claims arising out of his arrest and subsequent prosecution in state court. The Honorable John T. Curtin of this Court signed an Order on June 5, 2015, ECF No. 5, dismissing Plaintiff's claims against defendants Shoemaker, the City of Rochester, and the County of Monroe. His Order directed that Plaintiff's claims of unlawful search and seizure, false arrest, and unlawful imprisonment could go forward against defendant Millspaugh in his individual capacity. *Id*. at 4–5. The Court held a pretrial conference which set the date in Magistrate Judge Marian W. Payson's scheduling order for dispositive motion which passed without any motion filed. During an on the record discussion, the Court ascertained that the arresting officer smelled alcohol on Thomas' breath, which Millspaugh's counsel argued formed the probable cause to arrest him for driving while intoxicated. The Court urged Thomas to consult with counsel and warned him that if he

---

[1] The three other defendants originally sued have all been terminated from the case.

1

were to lose at trial, he would be liable for costs. The Court then permitted counsel for Millspaugh to file a second summary judgment motion and set a date for Thomas's response.[2]

The pending summary judgment motion filed by Millspaugh's counsel, Spencer Ash, Esq., is made on behalf of all the named defendants, notwithstanding that the Court earlier dismissed three of the defendants, and let only some claims against Millspaugh in his individual capacity go forward. The Court will ignore defense counsel's arguments pertaining to any defendants other than Millspaugh. Thomas has cross-moved, ECF No. 24, for summary judgment.

## FACTUAL BACKGROUND

In the statements of fact presented by each side pursuant to the Court's local rule, the following are undisputed, except where noted. The Court has also relied on Thomas' complaint, filed on October 2, 2014, ECF No. 4, which Thomas signed under penalty of perjury. Officer Millspaugh stopped Plaintiff's car in Rochester, New York, on September 4, 2013. The time of the arrest is listed in an exhibit as 11:22 p.m. Millspaugh arrested Thomas for driving while intoxicated and took him for booking to the Monroe County Jail. While at the jail, a bag of marijuana was found in Thomas' pants pocket and he was charged with unlawful possession of marijuana. At a trial on March 17, 2014, the court found Thomas guilty of driving while ability impaired, a lesser included offense of driving while intoxicated. Defense counsel has provided no proof of these facts as required by Federal Rule of Civil Procedure 56(c)(4).

According to Thomas, Millspaugh premised his stop of Thomas' car on the failure to have his headlights turned on, a matter which Thomas disputes. Thomas also states that although he received a trial on the original charges (which included driving while intoxicated,

---

[2] The Court denied the first-filed summary judgment motion which was filed well past the deadline set by the magistrate judge's scheduling order.

2

driving without headlights on, and promoting prison contraband), he never received a ruling on the legality of Millspaugh's original stop. He agrees that he was found guilty of driving while impaired, and that he was acquitted of all other charges.

## STANDARD OF LAW

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, … demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

ANALYSIS

Plaintiff contends that he:

> was in fact pulled over and seized based on the false claim that he was driving without headlights on which charge plaintiff was acquitted on after a trial. Plaintiff maintains that position and asserts that all evidence obtained by police after the illegal headlights off stop (*i.e.*, the breathalyzer test results, the marijuana, and all links and leads derived from the illegal Police stop) are the fruit of the poisonous tree under well settled law. *See, e.g., Wong Sun v United States*, 371 U.S. 471 (1963).

Pl.'s Statement of Undisputed Facts and Response to Defendants' Statement of Undisputed Facts ("Pl.'s Statement")[3] ¶ 6, Aug. 28, 2017, ECF No. 24.

*Unlawful Search and Seizure*

Thomas contends that the state court should have suppressed evidence of his driving while intoxicated and marijuana possession as "fruit of the poisonous tree," *Wong Sun v. United States*, 371 U.S. 471, 488 (1963), because Millspaugh did not have reasonable suspicion to stop his car. He claims that his headlights were on and Millspaugh's contrary assertion is false. Millspaugh responds that because Thomas plead guilty to driving while impaired, the law precludes him from challenging his arrest and imprisonment. Def.'s Mem. of Law 2, Jul. 26, 2017, ECF No. 23-2. Thomas asserts that he never plead guilty to that charge, but admits he was found guilty of driving while impaired. Although neither party provided the Court with details of the state court trial, the Court will assume for the purposes of this motion that Thomas did not plead guilty to any charge.

Thomas stated in a letter to Magistrate Judge Payson that he raised the issue of an unconstitutional stop to the New York Department of Motor Vehicles hearing officer on the

---

[3] Plaintiff signed the document under penalty of perjury pursuant to 28 U.S.C. § 1746. Therefore, the Court considers it proper evidence pursuant to Rule 56(c)(4).

4

charge that he refused a breathalyzer test.[4] Def.'s Ex. C at 1–2, ECF No. 23-1. Thomas states that the hearing officer was not interested in the allegedly illegal stop. Thomas does not address whether he raised the issue of the stop to the trial court, or whether that court ruled on his claim that Millspaugh's stop was unconstitutional.

Thomas's misplaces reliance on *Wong Sun*. "The fruit of the poisonous tree doctrine…is inapplicable to civil § 1983 actions." *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). "A § 1983 action, like its state tort analogs, employs the principle of proximate causation." *Id*. at 146. Millspaugh's allegedly illegal seizure and search of Thomas would not be the proximate cause of Thomas's subsequent conviction *if* the trial court refused to suppress the evidence pursuant to *Wong Sun*. *Id*. at 146. The test is whether *but for* Millspaugh's supposedly illegal stop and subsequent search, he would not have discovered Thomas's intoxication and marijuana. In the *Townes*' case, the Second Circuit wrote: "However, the trial court's failure to suppress the evidence concerning Townes' own criminal acts constituted a superseding cause of Townes' conviction and imprisonment." *Id.* at 147. The same applies here. Neither party has provided any evidence that the state trial court addressed suppression of the evidence based on Thomas's argument under *Wong Sun*. Therefore, a material issue of fact precludes the Court from granting summary judgment to either side on this point.

---

[4] N.Y. Veh. & Traf. Law § 1194(2)(c) (McKinney) provides for a hearing arranged by the Commissioner of the Department of Motor Vehicles within 15 days of arraignment limited to only these issues: "(1) did the police officer have reasonable grounds to believe that such person had been driving in violation of any subdivision of section eleven hundred ninety-two of this article; (2) did the police officer make a lawful arrest of such person; (3) was such person given sufficient warning, in clear or unequivocal language, prior to such refusal that such refusal to submit to such chemical test or any portion thereof, would result in the immediate suspension and subsequent revocation of such person's license or operating privilege whether or not such person is found guilty of the charge for which the arrest was made; and (4) did such person refuse to submit to such chemical test or any portion thereof."

Millspaugh also argues that Thomas cannot prevail because he was convicted of driving while impaired and a decision on liability for false arrest, false imprisonment, and malicious prosecution would necessarily imply the invalidity of his conviction. In *Heck v. Humphry*, 512 U.S. 477 (1994), the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87. A judgment from this Court in Thomas's favor on the false arrest, false imprisonment, and malicious prosecution constitutional claims would most certainly imply the invalidity of his state court driving while impaired conviction. This problem was not present in the *Townes* case because there the appellate courts eventually suppressed the evidence and reversed his conviction. Neither party has provided evidence that Thomas's conviction has been overturned.

## CONCLUSION

Because *Heck v. Humphry*, 512 U.S. 477 (1994), bars Thomas' claims, his cross-motion for summary judgment, ECF No. 24, is denied, and Millspaugh's motion, ECF No. 23, is granted. The Clerk will enter judgment for defendant Jeremy Millspaugh and close this case.

DATED:     January 14, 2019
                Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge